1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                           FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   RICHARD FECTEAU,                              No.  2:16-cv-809-EFB P

12                     Plaintiff,

13          v.                                     ORDER

14   STATE OF CALIFORNIA, et al.,

15                     Defendants.

16

17          Plaintiff is a county inmate proceeding without counsel in an action brought under 42

18   U.S.C. § 1983.  He has filed an application to proceed in forma pauperis pursuant to 28 U.S.C.

19   § 1915.

20   **I.     Request to Proceed In Forma Pauperis**

21          Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2).

22   Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect

23   and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C.

24   § 1915(b)(1) and (2).

25   **II.    Screening Requirement and Standards**

26          Federal courts must engage in a preliminary screening of cases in which prisoners seek

27   redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

28   § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion

                                                   1

of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

**III.    Screening Order**

Plaintiff's allegations (ECF No. 1) appear to stem from his arrests in July and December of 2015 and his related court appearance in December of 2015. He claims that he was falsely arrested and falsely imprisoned, and deprived of his Fifth and Sixth Amendment rights because he is not a "person" subject to the court's subject matter jurisdiction. He seeks "two billion dollars

2

1   for damages, illegal arrest, illegal incarceration, payable in silver dollars" and asks that ""the

2   District Attorney YOUNG be found guilty and prosecuted for treason."  In addition to defendant

3   Young, the named defendants include the State of California, Sacramento County, and the

4   Sacramento County Superior Court.  For the reasons discussed below, plaintiff's complaint fails

5   to state a claim upon which relief can be granted and is dismissed with leave to amend.

6         To state a claim under § 1983, a plaintiff must allege: (1) the violation of a federal

7   constitutional or statutory right; and (2) that the violation was committed by a person acting under

8   the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Jones v. Williams*, 297 F.3d

9   930, 934 (9th Cir. 2002).  An individual defendant is not liable on a civil rights claim unless the

10   facts establish the defendant's personal involvement in the constitutional deprivation or a causal

11   connection between the defendant's wrongful conduct and the alleged constitutional deprivation.

12   *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44

13   (9th Cir. 1978).  Plaintiff may not sue any official on the theory that the official is liable for the

14   unconstitutional conduct of his or her subordinates.  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

15   He must identify the particular person or persons who violated his rights.  He must also plead

16   facts showing how that particular person was involved in the alleged violation.

17         The Fifth Amendment provides that "[n]o person . . . shall be compelled in any criminal

18   case to be a witness against himself."  U.S. CONST., amend. V.  The Fifth Amendment "can be

19   asserted in any proceeding, civil or criminal, administrative or judicial, investigatory or

20   adjudicatory; and it protects against any disclosures which the witness reasonably believes could

21   be used in a criminal or could lead to other evidence that might be so used."  *United States v.*

22   *Bodwell*, 66 F.3d 1000, 1001 (9th Cir. 1995) (quotations and citation omitted).  Plaintiff's

23   allegations do not show that his right against self-incrimination was implicated, or that his

24   statements were used against him in a criminal proceeding.

25         Plaintiff also claims that his rights under the Sixth Amendment were violated.  In criminal

26   prosecutions, the Sixth Amendment guarantees assistance of counsel to the accused.  *Strickland v.*

27   *Washington,* 466 U.S. 668, 685 (1984).  The right also includes access to law books, witnesses,

28   and other tools necessary to prepare a defense.  *Taylor v. List*, 880 F.2d 1040, 1047 (1989).

1  Plaintiff alleges that he was appointed an attorney and that he filed that attorney.  His vague and

2  conclusory allegations do not demonstrate a violation of his Sixth Amendment rights.

3         Moreover, the court notes that no private right of action exists for the crime of treason.

4  *McDaniel v. United States*, No. 2:15-cv-1114 MCE DAD PS, 2015 U.S. Dist. LEXIS 130602, at

5  * 4-5 (E.D. Cal. Sept. 25, 2015)

6         Plaintiff's vague and conclusory allegations are not sufficient to state a proper claim for

7  relief.  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair

8  notice and state the elements of the claim plainly and succinctly.  *Jones v. Community Redev.*

9  *Agency*, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of

10  particularity overt acts in which defendants engaged that support a cognizable claim.  *Id.*

11         Moreover, a municipal entity (such as Sacramento County) or its departments is liable

12  under section 1983 only if plaintiff shows that his constitutional injury was caused by employees

13  acting pursuant to the municipality's policy or custom.  *Mt. Healthy City Sch. Dist. Bd. of Ed. v.*

14  *Doyle*, 429 U.S. 274, 280 (1977); *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658,

15  691 (1978); *Villegas v. Gilroy Garlic Festival Ass'n*, 541 F.3d 950, 964 (9th Cir. 2008).  Local

16  government entities may not be held vicariously liable under section 1983 for the unconstitutional

17  acts of its employees under a theory of respondeat superior.  *See Board of Cty. Comm'rs. v.*

18  *Brown*, 520 U.S. 397, 403 (1997).

19         Further, the named prosecutors are entitled to absolute prosecutorial immunity for acts

20  taken in their official capacity.  *See Kalina v. Fletcher*, 522 U.S. 118, 123–24 (1997); *Buckley v.*

21  *Fitzsimmons*, 509 U.S. 259, 269–70 (1993); *Imbler v. Pachtman*, 424 U.S. 409, 427, 430–31

22  (1976) (holding that prosecutors are immune from civil suits for damages under § 1983 for

23  initiating prosecutions and presenting cases).  In addition, plaintiff's court-appointed attorneys

24  also cannot be sued under § 1983.  *See Polk County v. Dodson*, 454 U.S. 312, 318-19 (1981)

25  (public defenders do not act under color of state law for purposes of § 1983 when performing a

26  lawyer's traditional functions).  And any potential claims for legal malpractice do not come

27  within the jurisdiction of the federal courts.  *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th

28  Cir.1981).  Judges are also absolutely immune from damage actions for judicial acts taken within

the jurisdiction of their courts . . . A judge loses absolute immunity only when [the judge] acts in the clear absence of all jurisdiction or performs an act that is not judicial in nature." *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988) (per curiam).

Plaintiff's intended claims for relief also appear to be barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). If plaintiff seeks to challenge the constitutionality of a conviction or the fact of his confinement, he may not do so in this action unless he demonstrates that the conviction or sentence has been invalidated. In *Heck v. Humphrey*, 512 U.S. 477 (1994), the United States Supreme Court held that a suit for damages on a civil rights claim concerning an allegedly unconstitutional conviction or imprisonment cannot be maintained absent proof "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck*, 512 U.S. at 486. Under *Heck*, the court is required to determine whether a judgment in plaintiff's favor in this case would necessarily invalidate his conviction or sentence. *Id.* If plaintiff is claiming that his federal constitutional rights were violated and as a result he was convicted and incarcerated, plaintiff may not recover damages in this action unless he can prove that his conviction has been reversed.

In addition, it appears that plaintiff is attempting to challenge a state court's ruling through this civil rights action. However, federal courts lack jurisdiction to review or modify state court judgments. *See Rooker v. Fidelity Trust Company*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983). "[L]ower federal courts do not have jurisdiction to review a case litigated and decided in state court; only the United States Supreme Court has jurisdiction to correct state court judgments." *Gottfried v. Medical Planning Services*, 142 F.3d 326, 330 (6th Cir.), *cert. denied*, 525 U.S. 1041, 119 S.Ct. 592 (1998); *see also Bianchi v. Rylaarsdam*, 334 F.3d 895, 901 (9th Cir. 2003) ("Stated plainly, *Rooker—Feldman* bars any suit that seeks to disrupt or 'undo' a prior state-court judgment, regardless of whether the state-court proceeding afforded the federal-court plaintiff a full and fair opportunity to litigate her claims.").

5

1    For these reasons, plaintiff's complaint fails to state a claim upon which relief can be

2   granted.  Plaintiff will be granted leave to file an amended complaint to allege, if he can, a

3   cognizable legal theory against a proper defendant and sufficient facts in support of that

4   cognizable legal theory.  *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (*en banc*)

5   (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in

6   their complaints).  Should plaintiff choose to file an amended complaint, the amended complaint

7   shall clearly set forth the claims and allegations against each defendant.  Any amended complaint

8   must cure the deficiencies identified above and also adhere to the following requirements:

9    Any amended complaint must identify as a defendant only persons who personally

10   participated in a substantial way in depriving him of a federal constitutional right.  *Johnson v.*

11   *Duffy*, 588 F.2d 740, 743  (9th Cir. 1978) (a person subjects another to the deprivation of a

12   constitutional right if he does an act, participates in another's act or omits to perform an act he is

13   legally required to do that causes the alleged deprivation).

14    It must also contain a caption including the names of all defendants.  Fed. R. Civ. P. 10(a).

15    Plaintiff may not change the nature of this suit by alleging new, unrelated claims.  *George*

16   *v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

17    Any amended complaint must be written or typed so that it so that it is complete in itself

18   without reference to any earlier filed complaint.  E.D. Cal. L.R. 220.  This is because an amended

19   complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the

20   earlier filed complaint no longer serves any function in the case.  *See Forsyth v. Humana*, 114

21   F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter

22   being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.

23   1967)).

24    The court cautions plaintiff that failure to comply with the Federal Rules of Civil

25   Procedure, this court's Local Rules, or any court order may result in this action being dismissed.

26   *See* E.D. Cal. L.R. 110.

27   /////

28   /////

6

## IV.  Summary of Order

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's request to proceed in forma pauperis (ECF No. 7) is granted.

2.  Plaintiff shall pay the statutory filing fee of $350.  All payments shall be collected in accordance with the notice to the Sacramento County Sheriff filed concurrently herewith.

3.  The complaint is dismissed with leave to amend within 30 days.  The complaint must bear the docket number assigned to this case and be titled "Amended Complaint."  Failure to comply with this order will result in dismissal of this action for failure to prosecute.  If plaintiff files an amended complaint stating a cognizable claim the court will proceed with service of process by the United States Marshal.

Dated:  October 5, 2017.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE